NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Edmund BEEKMAN,

        Plaintiff,

v.

EXCELSIOR INSURANCE COMPANY and PEERLESS INSURANCE,

        Defendants.

Civ. No. 14-363

OPINION

THOMPSON, U.S.D.J.

I. INTRODUCTION

This matter is before the Court upon the motion to dismiss filed by Excelsior Insurance Company and Peerless Insurance (collectively, "Defendants"). (Docket No. 5). Plaintiff opposes the motion. (Docket No. 7). The Court has decided the matter upon consideration of the parties' written submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78(b). For the reasons given below, Defendants' motion to dismiss is granted in part and denied in part.

II. BACKGROUND

Plaintiff owns and resides at premises located at 301 Johnson Avenue, Union Beach, New Jersey. (Docket No. 5). Plaintiff owns a policy of insurance with respect to the subject premises issued by Defendants. (*Id*.).

On October 29, 2012, Superstorm Sandy struck New Jersey causing damage to the Plaintiff's premises. (*Id*.). Plaintiff submitted a claim to Defendants. (*Id*.). Plaintiff alleges that

he complied with all policy provisions and cooperated fully with the investigation of the claim. (*Id*.).

Plaintiff alleges the following:  Defendants improperly adjusted Plaintiff's claim; Defendants misrepresented the cause, scope, and cost of repairs to Plaintiff's premises; Defendants underpaid Plaintiff's claim without any reasonable basis; Defendants conducted an inadequate, biased, and result-oriented investigation of Plaintiff's claim; and Defendants unreasonably delayed full payment of Plaintiff's claim.  (*Id*.).

### III.  LEGAL STANDARD

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint.  *Kost v. Kozakiewicz*, 1 F. 3d 176, 183 (3d Cir. 1993).  The defendant bears the burden of showing that no claim has been presented.  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).  When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis.  *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).  "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'"  *Id*. (quoting *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)).  Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).  The court may disregard any conclusory legal allegations.  *Id*.  In addition, a court may consider matters of public record, documents specifically referenced in or attached to the complaint, and documents integral to the allegations raised in the complaint.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'"  *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).  Such a claim requires more than a mere allegation of an entitlement to relief or demonstration of the

"mere possibility of misconduct;" the facts must allow a court reasonably to infer "that the defendant is liable for the misconduct alleged." *Id*. at 210, 211 (quoting *Iqbal*, 556 U.S. 678-79).

## IV. ANALYSIS

Defendants move to dismiss the second count of the Complaint, the fourth count of the Complaint, the claim for punitive damages, and the claim for attorneys' fees.

*a. The Second Count of the Complaint*

In the second count of the Complaint, Plaintiff alleges a breach of the implied covenant of good faith and fair dealing.[1] Defendants argue that this claim "falls well below the requisite legal standard" for a claim of breach of the covenant of good faith and fair dealing. (*Id*.).

Under New Jersey law, a duty of good faith and fair dealing is implicit in every contract of insurance. *Clients' Sec. Fund of the Bar of New Jersey v. Security Title & Guaranty Co.,* 134 N.J. 358, 372 (1993). See also *R.J. Gaydos Ins. Agency, Inc. v. National Consumer Ins. Co.,* 168 N.J. 255, 277 (2001); *Sons of Thunder, Inc. v. Borden, Inc.,* 148 N.J. 396, 420 (1997). The party claiming a breach of the covenant of good faith and fair dealing "must provide evidence sufficient to support a conclusion that the party alleged to have acted in bad faith has engaged in some conduct that denied the benefit of the bargain originally intended by the parties." *Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assocs.,* 182 N.J. 210, 224 (2005) (quoting 23 *Williston on Contracts* § 63:22 at 513-14 (Lord ed. 2002)).

Here, the operative allegations of the second count are couched in terms of what was, or was not, "reasonable" on the part of the Defendants. However, claims that Defendants acted "unreasonably" do not support a finding that Defendants breached the covenant of good faith and

---

[1] The Court notes that page 11 of Defendants' brief states the following: "The operative allegations . . . are all couched in terms of what was or was not 'reasonable' on the part of **Liberty**." (Docket No. 5). **Liberty** is not a defendant in this action.

fair dealing. *See id*. Therefore, Defendants' motion to dismiss is granted as to the second count of the Complaint.

*b. The Fourth Count of the Complaint*

In the fourth count of the Complaint, Plaintiff alleges a violation of the "New Jersey Consumer Fraud Act against Defendants *Peerless*."[2] Plaintiff alleges that Defendants were deceptive in the adjustment of Plaintiff's claim and that Defendants' deception was part of an ongoing general business practice by the Defendants.

Defendants argue that the Consumer Fraud Act (CFA) does not apply to disputes about insurance benefits coverage. In the past, New Jersey Courts have held that the CFA does not apply to insurance benefits coverage. *Capogrosso v. State Farm Ins. Co.*, CIV.A. 08-CV-2229DMC, 2009 WL 3447068 (D.N.J. Oct. 21, 2009) ("this Court cannot permit Plaintiff's CFA claims to proceed insofar as they pertain to the payment of insurance benefits"). However, in *Weiss v. First Unum Life Ins. Co.*, the Third Circuit stated that it did not share "the District Court's conviction that the CFA and its treble damages provision are inapplicable to schemes to defraud insureds of their benefits." 482 F.3d 254, 266 (3d Cir. 2007). In that case, the plaintiff alleged that his insurance carrier "embarked on a fraudulent scheme to deny insureds their rightful benefits . . . ." *Id*. The Third Circuit concluded that "while the New Jersey Supreme Court has been silent as to this specific application of CFA, its sweeping statements regarding the application of the CFA to deter and punish deceptive insurance practices makes us question why it would

---

[2] The court notes that page 5 of Defendants' brief states the following: "The Fourth Count of the Complaint alleges a claim against *Liberty* under New Jersey's Consumer Fraud Act (CFA). It is this alleged performance/non-performance under the insurance policy by *Liberty Mutual* which is the basis of the CFA claim." (Docket No. 5). *Liberty Mutual* is not a party in this case.

not conclude that the performance in the providing of benefits, not just sales, is covered, so that treble damages would be available for this claim under the CFA." *Id*.

In light of the Third Circuit's holding in *Weiss*, the Court finds that Plaintiff may bring a claim under the CFA. Accordingly, Defendants' motion to dismiss the fourth count of Plaintiff's Complaint is denied.

*c. Punitive Damages*

The third and fourth counts of the Complaint assert claims for punitive damages against the Defendants. Defendants argue the punitive damages claim must be dismissed because there is no legal basis for such a claim.

In New Jersey, "absent egregious circumstances, no right to recover for emotional distress or punitive damages exists for an insurer's allegedly wrongful refusal to pay a claim." *Pickett v. Lloyd's,* 131 N.J. 457, 475 (1993).

Here, Plaintiff has not alleged the type of "egregious" conduct that might support a punitive damages claim. *See id*. Therefore, Defendants' motion to dismiss Plaintiff's punitive damage claim is granted without prejudice.

*d. Attorneys' Fees*

Plaintiffs seek attorneys' fees for the costs of this litigation pursuant to New Jersey Court Rule 4:42–9(a)(6). The New Jersey Supreme Court recently considered whether a plaintiff may collect attorneys' fees in first party claims under Rule 4:42–9(a)(6). In *Auto Lenders Acceptance Corp. v. Gentilini Ford, Inc.*, the New Jersey Supreme Court stated the following:

> *Rule* 4:42–9(a)(6) . . . permits the award of attorneys' fees "[i]n an action upon a liability or indemnity policy of insurance, in favor of a successful claimant." By contrast, the Rule does *not* apply when the "insured ... brings direct suit against his insurer to enforce casualty or other direct coverage." *Eagle Fire Prot. Corp.*

> *v. First Indem. of Am. Ins. Co.,* 145 *N.J.* 345, 363, 678 *A.*2d 699 (1996) (citation omitted); *see also Giri v. Medical Inter–Ins. Exchange of N.J.,* 251 *N.J.Super.* 148, 151, 597 *A.*2d 561 (App.Div.1991) (observing that rule does not authorize attorneys' fees to enforce first-party coverage).

181 N.J. 245, 280-81 (2004).

Plaintiff is bringing this action against Defendants to enforce first-party coverage. Accordingly, Plaintiff is not entitled to an award of attorneys' fees incurred in prosecuting its action against Defendants. Application of the "American Rule," in which the parties to litigation should each bear their own legal costs, is appropriate in this case.

## V.  CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted in part and denied in part. An appropriate order will follow.

                    */s/ Anne E. Thompson*
                    ANNE E. THOMPSON, U.S.D.J.

Date: 2/21/14